**United States Bankruptcy Court**
**Eastern District of Arkansas**

In re   **Sandra Polston**                                             Case No.   **19-15460**
                                     Debtor(s)                         Chapter    **13**

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ☐    Amended Plan ☑    **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:
Part 1, Sections 2.1 (payment change), 3.2, 6.3, 9 (Signature Page), and Certificate of Service

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.
Debtor(s) submit(s) this amended plan to cure the Trustee or Creditor's motion or objection to the previously filed plan.

The Amended Plan is filed:   ☑ Before confirmation
                             ☐ After confirmation

## Part 1: Notices

**To Debtor(s):**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☐ **Original plan filed *at the time* the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed *after* the petition is filed or amended plan (only if filed prior to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

Debtor(s) **Sandra Polston**        Case No.

☑ **Amended plan:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☑ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1**    **The debtor(s) will make regular payments to the trustee as follows:**
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**540.00** per month to the trustee. The plan length is **60** months.
      The following provision will apply if completed:

      Plan payments will change to $__ per month beginning on __.

      Plan payments will change to $__ per month beginning on __.
           *(Use additional lines as necessary)*

**Amended plan 1:** The debtor(s) will pay $**915.00** per month to the trustee. The plan length is **60** months.
      The following provision will apply if completed:

      Plan payments will change to $__ per month beginning on __.

      Plan payments will change to $__ per month beginning on __.
           *(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**    **Payments shall be made from future income in the following manner:**

      Name of debtor   **Sandra Polston**
      ☑ Direct pay of entire plan payment or ____ (portion of payment) per month.

      ☐ Employer Withholding of $____ per month

           Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
           If other, please specify:____
           Employer name: _____
           Address: _____

           Phone: _____

      Name of debtor

Debtor(s) **Sandra Polston**                                             Case No.

☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $_____ per month.

Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
If other, please specify:____
Employer name: _____
Address: _____
_____
Phone: _____

**2.3    Income tax refunds.**

*Check one.*
☑ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4    Additional payments.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1    Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Santander | 2018 Chevrolet Trax 12000 miles | 100.00 | ☑ Preconfirmation<br>☑ Postconfirmation |

**3.2    Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**

Debtor(s)  **Sandra Polston**                                                                  Case No.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| FCI Lender Services | 404 Austin Circle Russellville, AR 72801  Pope County | 365.00 | ☐ Debtor(s)  ☑ Trustee | 0.00 | 0.00 | 0.00% |

3.3     **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ Claims listed in this subsection consist of debts that were:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| Santander | 2018 Chevrolet Trax 12000 miles | 12/2018 | 20,804.05 | 16,450.00 | 5.00% | 392.60 |

3.4     **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

Debtor(s) **Sandra Polston**                                         Case No.

**3.5**   **Surrender of collateral.**

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6**   **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

**4.1**   **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2**   **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3**   **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

| | |
|---|---|
| Amount paid to attorney prior to filing: | $ 0.00 |
| Amount to be paid by the Trustee: | $ 3,500.00 |
| Total fee requested: | $ 3,500.00 |

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $ **1,500.00** and **25.00** %, respectively.

**4.4**   **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**   **Domestic support obligations.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**   **Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
☑ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

Debtor(s) **Sandra Polston**          Case No.

☐ Other, Please specifiy _____

**5.2**    **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1**    **Executory Contracts and Unexpired Leases.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2**    **Sale of assets.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3**    **Claims not to be paid by the trustee.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4**    **Postpetition claims.**

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

☑ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation

☑ entry of discharge

☐ other: _____

## Part 8: Nonstandard Plan Provisions

Debtor(s) **Sandra Polston**        Case No.

☑ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced*

## Part 9: Signatures

By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

**/s/ Brian C. Wilson**
**Brian C. Wilson**
**Signature of Attorney for Debtor(s)**

Date **November 26, 2019**

**Sandra Polston**

Date

Date

**Signature(s) of Debtor(s)**
**(required if not represented by an attorney; otherwise optional)**

Debtor(s) **Sandra Polston**        Case No.

# Addendum A - For Amended Plans

## Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

**A.1**    **Prepetition Nonpriority Unsecured Claims**

The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| -NONE- | | | |

**A.2**    **Postpetition Nonpriority Unsecured Claims**

The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.

**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim. The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt | Approval to incur obtained from trustee or court |
|---|---|---|---|---|
| -NONE- | | | | Yes<br>No |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on or about the 26th day of November 2019, a true and correct copy of the foregoing was mailed to the following via U.S. Mail, postage prepaid.

Chapter 13 Trustee
*via electronic filing*

U.S. Trustee
*via electronic filing*

Advanced Call Center Technolog
P.O. Box 9091
Johnson City, TN 37615

Allied Interstate
3000 Corporate Exchange Drive
Columbus, OH 43231

APMI
5125 Northshore Drive
North Little Rock, AR 72118

Apria Healthcare
P.O. Box 802017

Arkansas Plan Form - 8/18      Page 8

Debtor(s) **Sandra Polston**                                    Case No.

Chicago, IL 60680

Aquilar Foot Care
2400 West Main
Russellville, AR 72801

Arkansas Orthopaedic Institute
P.O. Box 1146
Russellville, AR 72811

Berman and Rabin PA
P.O. Box 24327
Overland Park, KS 66283

Bill Me Later
P.O. Box 105658
Atlanta, GA 30348

Bluestream Brands Inc.
7075 Flying Cloud Drive
Eden Prairie, MN 55344

Capital One  Bank USA
P.O. Box 30281
Lowell, AR 72745

Capital One Auto Finance
3901 Dallas Pkwy
Plano, TX 75093

CBSA Collections
123 W. 7th
Suite 300
P.O. Box 1929
Stillwater, OK 74076

Central Termite & Pest Control
118 N. Enid Ave.
Russellville, AR 72801

Childrens BOMC
P.O. Box 916536
Indianapolis, IN 46291

Country Door
Attn: Bankruptcy
P.O. Box 2830
Monroe, WI 53566

Credit Collection Services
Two Wells Ave.
Newton Center, MA 02459

Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193

Dept of Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Dept of Workforce Services
Office of Legal Services

Arkansas Plan Form - 8/18                                                                                                         Page  9

Debtor(s) **Sandra Polston**                                    Case No.

P.O. Box 8040
Little Rock, AR 72203

Evine
6740 Shady Oak Rd.
Eden Prairie, MN 55344

Fingerhut
6250 Ridgewood Road
Saint Cloud, MN 56303

Firstsource Advantage
P.O. Box 628
Buffalo, NY 14240

GE Capital / Wal-Mart
P.O. Box 965024
Orlando, FL 32896

GE Capital Retail Bank
P.O. Box 960061
Orlando, FL 32896

GEcrb / Walmart
P.O Box 981400
El Paso, TX 79998

GEMB / Walmart
P.O. Box 981400
El Paso, TX 79998

Ginny's
1112 Seventh Avenue
Monroe, WI 53566

Hawkeye Adjustment and Collect
P.O. Box 716
Sioux City, IA 51102

HSBC
P.O. Box 30253
Salt Lake City, UT 84130

HSBC Card Services
P.O. Box 5222
Carol Stream, IL 60197

HSN
P.O. Box 9090
Clearwater, FL 33758

JC Penny
P.O. Box 984100
El Paso, TX 79998

JC Penny
P.O. Box 960090
Orlando, FL 32896

JC Penny
Attn: Bankruptcy
P.O. Box 103106
Roswell, GA 30076

Debtor(s) **Sandra Polston**                                   Case No.

Johnson County Surgery Clinic
P.O. Box 440
Clarksville, AR 72830

Johnson Regional Medical Cente
P.O. Box 738
Clarksville, AR 72830

Law Office of David Edwards
P.O. Box 458
Paris, TN 38242

LVNV Funding
c/o Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603

Mason Easy Pay
c/o Creditors Bankruptcy Servi
P.O. Box 740933
Dallas, TX 75374

Masseys
P.O. Box 2822
Monroe, WI 53566

Med College Physicians Group
P.O. Box 251508
Little Rock, AR 72225

Mid South Adjustment Co.
316 West 6th Street Suite A
Pine Bluff, AR 71601

Midland Funding
8875 Aero Drive
Suite 200
San Diego, CA 92123

Millard Henry Clinic
101 Skyline
Russellville, AR 72801

Montgomery Ward
P.O. Box 8994
Madison, WI 53794

MSCB
P.O. Box 1567
Paris, TN 38242

National Enterprise Systems
29125 Solon Road
Solon, OH 44139

Payment Processing Center
P.O. Box 5262
Carol Stream, IL 60197

Pope County Emergency Medical
#3 County Complex Circle
Russellville, AR 72802

Portfolio Recovery

Arkansas Plan Form - 8/18                                           Page 11

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                      Best Case Bankruptcy

Debtor(s) **Sandra Polston**                                    Case No.

P.O. Box 41067
Norfolk, VA 23541

Professional Bureau of Collect
P.O. Box 628
Elk Grove, CA 95759

Professional Credit Management
P.O. Box 4037
Jonesboro, AR 72403

Publishers Clearing House
P.O. Box 4002936
Des Moines, IA 50340

Quest Diagnostic
P.O. Box 740780
Cincinnati, OH 45274

Quest Diagnostic
P.O. Box 7306
Hollister, MO 65673

QVC
P.O. Box 981462
El Paso, TX 79998

Radiology Associate of N. Ark
P.O. Box 9178
Russellville, AR 72811

RJM Aquisitions
575 Underhill blvd.
Suite 224
Syosset, NY 11791

Saint Marys Regional Med
C/O Resurgent Capital Services
PO Box 1927
Greenville, SC 29602

Santander
P.O. Box 961245
Fort Worth, TX 76161

Sherwood Ugent Care
P.O. Box 671018
Dallas, TX 75267

St. Vincent
P.O. Box 22720
Little Rock, AR 72221

State of Arkansas
Dept. of Finance and Admin.
Revenue Legal Counsel
P.O. Box 1272 - Room 2380
Little Rock, AR 72203

Stoneberry
P.O. Box 2820
Monroe, WI 53566

TD Bank USA/Target Credit

Arkansas Plan Form - 8/18                                                                                                              Page 12

Debtor(s) **Sandra Polston** Case No.

PO Box 1470
Minneapolis, MN 55440

UAMS
4301 West Markham
Little Rock, AR 72205

United States Attorney
Eastern District Arkansas
P.O. Box 1229
Little Rock, AR 72203

United States Treasury
Special Procedures
P.O. Box 7317
Philadelphia, PA 19101

Vakulskas Law Firm PC
P.O. Box 1661
Sioux City, IA 51102

Wal-Mart / GECRB
P.O. Box 530927
Atlanta, GA 30353

Webbank/Fingerhut
6250 Ridgewood Road
Saint Cloud, MN 56303

William F. Smith Law Firm
122 Commerce Ave.
Russellville, AR 72801

/s/Brian Wilson